## CIRCUIT COURT OF THE CITY OF RICHMOND

Melvin Lewis Wilkes

v.

Virginia Employment Commission et al.

June 19, 1975

Case No. 7703

By JUDGE RICHARD L. WILLIAMS

This claimant was denied benefits by the Virginia Employment Commission because of a disqualification for benefits under § 60.1-58(b) of the Code of Virginia, 1950, as amended, as found by a deputy claims examiner, the appeals examiner, and on review, by the Commission. The case is before this Court pursuant to Section 60.1-67 of the Code of Virginia, 1950, as amended. A prior determination by my colleague, Judge Sheffield, disposed of a preliminary motion to dismiss for failure to perfect an appeal within ten days after the decision of the Commission became final.

The review latitude allowed this Court is confined to questions of law, since factual findings of the Commission, if supported by evidence, and in the absence of fraud, are conclusive. Section 60.1-67 of the Code of Virginia, 1950, as amended.

Section 60.1-58(b) disqualifies an individual for benefits for any week benefits are claimed until he has performed services for an employer during 30 days, whether or not such days are consecutive, if the Commission finds such individual is unemployed because he has been discharged for misconduct connected with his work.

The Commission in prior decisions has defined "misconduct connected with his work" to be "conduct which evinces a willful or wanton disregard of an employer's interest as is found in deliberate violations or disregards of standards of behavior which the employer has a right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent, or evil design, or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. On the other hand, mere inefficiency, incapability, mistake, or misjudgment has never been tantamount to misconduct." Decision of Commission (6193-C), February 14, 1974.

The Commission has consistently held that the burden is upon the employer to prove misconduct. A careful review of the record compiled in this case fails to disclose any conduct of the claimant that meets the Commission's definition of misconduct connected with his work.

This claimant commenced work in March of 1971 and was terminated in September of 1974. The work format of the employer was a 4-day, 40-hour week, but on many occasions employees, including the claimant, were requested to work overtime on Friday. Overtime pay was paid for the overtime hours. Claimant's Exhibit 1 is a calculation of regular time and overtime for the years 1973 and 1974 and shows an almost unbroken pattern of overtime work that in many instances far exceeded his regular time pay. It also is clear from the record that the employer had no published rule or regulation concerning expectations of the employer for overtime work by an employee. In fact, the record shows that while overtime work was frequently requested, the custom seemed to be for an employee to either work or not work depending on his own personal inclinations. On the occasion that gave rise to the claimant's separation, he was notified on Wednesday that he would be expected to work overtime on Friday, but due to personal plans to be away from the city to visit a sick relative, he decided not to work. Unfortunately, Reuben Burton, Inc.'s supervising personnel had a very superficial meeting with claimant about his availability for overtime work and for reasons that

are not totally clear in the record he did not articulate his reason for not wanting to work, since in the past he felt that working overtime was an option of the employee. Without any serious argument or flare-up of any nature, he then was terminated by W. Paul Treanor, the plant superintendent.

This brief factual recital shows conclusively that all this employee has been guilty of is a mistake or misjudgment. At no point did he express any animosity toward his employer, or in any way indicate that he did not have his employer's best interest at heart. It seems unfortunate that employer's management personnel are not more skilled in communicating with employees over whom they have supervisory responsibility.

For the foregoing reasons, the finding of the Commission will be reversed and this matter remanded for a determination of the claimant's entitlements.